IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

JAMARR BILLMAN,                          :
                Plaintiff,          :
                                   :       NO. 20-cv-02730
       v.                             :
                                   :       JURY TRIAL DEMANDED
EASTON AREA SCHOOL DISTRICT,              :
                Defendant.          :       FILED ELECTRONICALLY

**DEFENDANT'S TRIAL BRIEF**

Defendant, Easton Area School District, through counsel, hereby submits its Trial Brief

pursuant to the Court's Order filed May 12, 2022.

**I.      STATEMENT OF FACTS**

Defendant Easton Area School District incorporates herein by reference the Statement of

Undisputed Facts filed in support of Motion for Summary Judgment filed to DOC. 15 to the

above term and number.

**II.      STATEMENT OF THE ISSUES**

Defendant joins the statement of the issues set forth in Plaintiff's Trial Brief.

**III.      STATEMENT OF THE DEFENSES**

      Plaintiff will not overcome the burden-shifting analytical framework of Title VII to

      prove his claims.

Plaintiff must present evidence that he was unlawfully discriminated against on the basis

of his race, African American, under Title VII, 42 U.S.C. 1981, 42 U.S.C. 1983 (equal

protection) and the Pennsylvania Human Relations Act, 43 P.S. Sections 951-963.

If, as Defendant submits, there is no direct evidence of discrimination, Plaintiff may attempt to prove his case through circumstantial evidence set forth in the analytical framework of *McDonnell Douglas vs. Green, 411 U.S. 792 (1973)* . Plaintiff's burden of proof in his prima facie case is to show that (a) he is a member of a protected class – and he has done so - he is an African American; (b) he was qualified for the position for which he was hired  - and he has done so – a hiring committee comprised of several District administrators agreed to bring him on in 2016 as a head wrestling coach based upon his resume and his interview performance; (c) that he suffered an adverse employment action  - which he has done, in that in 2020, his position was posted as vacant for which he was able to re-apply (but failed to do); and (d) that an employee in a different racial classification was treated more favorably than him under the same or similar condition.  This, he has not done.  Plaintiff, in fact, has done just the opposite by eliciting testimony that a Caucasian 27-year-veteran football coach, had his position opened as vacant under the same or similar circumstances as Plaintiff the previous year.

Under the Defendant's burden, the Defendant carries only a burden of persuasion such that it must articulate a legitimate business reason for its decision to open the head coaching position in 2020.  Defendant has done so. Two witnesses, the Athletic Director, James Pokrivsak, and the new Superintendent of Schools, David Piperato, both testified that Plaintiff was unable to bring together the wrestling community of parents and prevent students from leaving the District over the course of his four-year tenure, in addition to which, his performance had fallen below satisfactory, which was of grave concern to the Athletic Director.

With respect to the near-posting of Plaintiff's position in 2018, Defendant, former Superintendent, John Reinhart, testified that Plaintiff Billman was given the same opportunity to take a season to improve his performance as the white head football coach, Schiffert, had been

2

offered in a previous season.  Therefore, Defendant has not only met its burden of articulating a

legitimate business decision for opening Plaintiff's position in 2020, it has also presented

testimony regarding the same or similar treatment of two head coaches, one white, one black,

and therefore, has successfully defended Plaintiff's prima facie case of showing that Plaintiff was

treated less favorably, or "unequally", under similar conditions.

Plaintiff will continue to carry the burden of proof to show pretext for Defendant's

articulated business decisions.  Defendant submits that Plaintiff has failed to carry his burden of

proving that the reasons given by Mr. Pokrivsak and Mr. Piperato for the opening of Plaintiff's

position in 2020 were not the real reasons, but rather, pretext for race discrimination.  Plaintiff's

claims under Title VII and the Pennsylvania Human Relations Act will fail.

Under 42 U.S.C. 1981, Plaintiff's burden of proof is heavier.  He must show that his

position was opened in 2020 by intentional race discrimination.  *Chambers ex rel Chambers v.*

*Phila. Sch. Board of Educ., 587 F.3d 176 (3ʳᵈ Cir. 2009).*   Defendant submits that there is no

evidence of intentional race discrimination in Plaintiff's entire case; to the contrary, the former

Superintendent, John Reinhart, will testify that he worked very diligently to partner with the

African American leadership in the Easton community and that when the administrators

attendant to Plaintiff's failed performance in 2018 were anxious to replace him and move

forward, Mr. Reinhart stepped in and prevented that from occurring.  Mr. Reinhart will testify

that because of his work with the African American community, it was important that Plaintiff be

given "due process" against the advice of the District solicitor, and that each of the

administrators who were part of the 2018 process to open Plaintiff's position were disciplined

with a letter placed in their personnel files.  Mr. Reinhart will *not* testify that he believed that any

of the foregoing administrators violated the anti-discrimination policy of the District, and will in

3

fact testify, as an admission against Plaintiff's own interests, *F.R.E. 802(C)(2)(A)* that Plaintiff met with him and agreed in 2018 that the attempted opening of his position had nothing to do with his race.  To suggest otherwise is folly and any such suggestion will be disproven at trial.

Plaintiff's claim for a violation of equal protection under Section 1983 will also fail. Plaintiff has failed to show that in 2018 or 2020 he was treated less favorably that white coaches in the same or similar circumstances and that is in spite of the fact that for a short period of time, Plaintiff was the only African American head coach employed for the District.

In addition to the foregoing proofs, "causation" is a but-for standard and this, Plaintiff will also fail to prove.  *University of Texas Southwestern Medical Center v. Nassar, 570 U.S. 338 (2013).*   Plaintiff cannot simply rely on attempting to prove race discrimination through administrative errors in business judgment. Under a "mixed motive analysis", Plaintiff will have to show that two reasons existed for Plaintiff's termination, an unlawful one, based upon his race, and the other, based upon a lawful, legitimate business reason and that the unlawful reason was a motivating factor in causing Plaintiff's alleged adverse employment action.  *Mackey v. Chertoff, 541 F.3d 205 (3d Cir. 2008).*  In this case, however, Plaintiff has presented no diverse reasons for the opening of his position in 2020 in an attempt to show that the reasons given by Piperato and Pokrivsak to suggest pretext for unlawful race discrimination; all the reasons set forth by Messrs. Piperato and Pokrivsak were agreed upon and presented to the school Board as a recommendation.  There must be some factual and causal link between his allegations of unfavorable treatment and his race.  Defendant submits that this is lacking in every single claim Plaintiff has brought and will present to the jury.

4

## IV.     DAMAGES

Assuming Plaintiff can prove entitlement to damages, he must also prove that he has met his duty to mitigate those damages.   Defendant submits that the Plaintiff has filed to do this and no evidence to make a showing of mitigation.

<div style="margin-left: 50%;">

Respectfully submitted,

MARSHALL DENNEHEY

BY:     */s/Sharon M. O'Donnell*
Sharon M. O'Donnell, Esquire
PA I.D. No. 79457
100 Corporate Center Dr., Suite 201
Camp Hill, PA  17011
(717) 651-3503  Fax (717) 651-3707
smodonnell@mdwcg.com
*Attorneys for Defendant, Easton*
*Area School District*

</div>

DATE:   June 14, 2022

5

## **CERTIFICATE OF SERVICE**

I, Sharon M. O'Donnell, Esquire hereby certify that a true and correct copy of the

foregoing Defendant's Trial Brief was electronically filed with the Court this date and is

available for viewing and downloading from the ECF System.

MARSHALL, DENNEHEY

DATE:  June 14, 2022                    BY:   */s/Sharon M. O'Donnell*
                                                                           Sharon M. O'Donnell, Esquire
                                                                           PA I.D. No. 79457
                                                                           100 Corporate Center Dr., Suite 201
                                                                           Camp Hill, PA  17011
                                                                           (717) 651-3503
                                                                           Fax (717) 651-3707
                                                                           smodonnell@mdwcg.com