IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMARR BILLMAN, | : | |
| | : | |
| Plaintiff, | : | Civil Action No.:  20-cv-2730 |
| | : | |
| v. | : | |
| | : | |
| EASTON AREA SCHOOL DISTRICT, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant. | : | ELECTRONICALLY FILED |

**PLAINTIFF'S BRIEF IN SUPPORT OF SANCTIONS**

 

**BROUGHAL & DeVITO, L.L.P.**

JOHN S. HARRISON, ESQUIRE
Attorney I.D. #53864
ERIKA A. FARKAS, ESQUIRE
Attorney I.D. #313686
38 W. Market Street
Bethlehem, PA  18018
Telephone No.:  (610) 865-3664
Facsimile No.:  (610) 865-0969
johnharrison@broughal-devito.com
erikafarkas@broughal-devito.com
*Attorneys for Plaintiff*

Plaintiff JaMarr Billman, by his attorneys, Broughal & DeVito, L.L.P., files this Brief in Support Sanctions for Defendant's failure to disclose during discovery a signed written reprimand to Assistant Superintendent Alyssa Emili. For the reasons set forth below, a curative instruction should be provided to the jury and attorney's fees and costs should be imposed against Defendant.

I.     STATEMENT OF FACTS

This lawsuit was filed by Plaintiff on June 11, 2020. Thereafter, the parties exchanged Initial Disclosures pursuant to Fed. R. Civ. P. 26(a)(1)(A). On or about September 3, 2020, Plaintiff provided Defendant with Plaintiff's First Set of Interrogatories Addressed to Defendant and Plaintiff's First Request for Production of Documents. Included in the Request for Production of Documents was a request for the personnel file for Alyssa Emili (Request #14). Defendant responded to Plaintiff's discovery requests on or about November 25, 2020. In response to the request for Ms. Emili's personnel file, Defendant indicated it was attached and titled separate PDF documents with ranges of Bates numbers and the corresponding request number (e.g. PDF titled 719-855 #14).

The reprimand provided was identified at Bates Nos. EASD002446-002447. This document was not with the other documents identified as part of Ms. Emili's personnel file, but rather in a PDF with documents corresponding to raises and wages of high school coaches. Nonetheless, Plaintiff assumed it was part of Ms. Emili's personnel file. The reprimand provided contained language that Ms. Emili never inquired into Mr. Billman's welfare and "failed to recognize the impact your differential treatment of the only black coach in the league would have in the public and the negative impression it would create in our school system." Furthermore, the reprimand indicated Ms. Emili violated the school district's non-discrimination policy.

Relying on this document as the official reprimand, Plaintiff deposed Ms. Emili on January 7, 2021. Her deposition went from 10:00 a.m. until approximately 4:22 p.m. Ms. Emili was asked about the reprimand and shown the document at Bates Nos. 002446-002447. She identified this document as the one she received from John Reinhart. (Emili Deposition, 172:9-16). Up until her testimony at trial, Ms. Emili never stated that document was not actually the document she received from Mr. Reinhart.

Similarly, Plaintiff deposed Mr. Reinhart on June 10, 2022, after Defendant indicated he would be called as a witness at trial. His deposition went from 9:00 a.m. to 11:52 a.m. During his deposition, Mr. Reinhart was shown the document at Bates Nos. 002446-002447. He testified he drafted that reprimand and would resign his job before he let someone else draft it and make him sign it. (Reinhart Deposition, 102:6-23).

During trial, Mr. Reinhart testified via Zoom that this reprimand was not the reprimand he provided Ms. Emili. Rather, the reprimand previously shown to him during his deposition was only a draft, which he did not sign. He indicated the only difference between the unsigned reprimand used in the deposition and the signed version was one paragraph that the solicitor wrote and he removed, which included the language about Ms. Emili's differential treatment towards the only black coach in the league. Mr. Reinhart appeared to have the signed reprimand in front of him while testifying.

Prior to his testimony at trial, Plaintiff was unaware another version of the reprimand existed and had not been provided a copy of the document during discovery. The surprise of Mr. Reinhart's testifying to another document not known to have existed during trial potentially gave the jury the impression that Plaintiff's counsel was being untruthful with a document and producing only a more serious reprimand to bolster their case.

The following day, outside the presence of the jury, the Defendant produced the Director of Human Resources, John Burrus, who produced Ms. Emili's original personnel file and explained the process for storing personnel documents, both in paper and electronically. Upon review of the personnel file by the Court, neither version of the reprimand was in Ms. Emili's file. Defendant's counsel obtained a copy of the signed reprimand from Ms. Emili, who had a copy in her possession at her residence. Defendant's counsel believed Mr. Reinhart also had a copy of the signed reprimand in his possession at his residence. During discovery, Ms. Emili provided other documents to Defendant's counsel, which were turned over to Plaintiff. Mr. Burrus explained to the Court that an original should be kept in the personnel file, though the employee may request the removal of the disciplinary action if two years have passed and there are no further disciplinary issues. Mr. Burrus could not confirm if a request was made as such request was also not in the personnel file. At the time of this Motion, Mr. Burrus was directed to run an electronic search of the school district's system from June 1, 2020 to present to determine if Ms. Emili ever requested the document be removed from her personnel file. Defendant's counsel has represented she does not intend to introduce the signed reprimand into evidence at trial.

**II.    LEGAL ARGUMENT**

    A. <u>Defendant has Violated Fed. R. Civ. P. 26(e) By Failing to Supplement Responses in a Timely Manner</u>

The Federal Rules of Civil Procedure address discovery in Rule 26. Specifically, Rule 26(e) requires a party to supplement or correct a disclosure or other discovery response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A).

In the present matter, there can be no doubt that the signed document was not timely produced. Defendant did not disclose the signed reprimand until Mr. Reinhart had testified about the document in the middle of trial. At the time he testified, Mr. Reinhart appeared to have a copy of the signed reprimand in his possession. At the time the discovery requests were made on September 3, 2020, Ms. Emili was still the Assistant Superintendent at Easton Area School District. Ms. Emili provided documents to Defendant's counsel that was responsive to the requests but did not provide the signed reprimand in her possession. Similarly, Defendant failed to maintain the signed reprimand in her personnel file and to date has not identified why a signed copy was not in her file or maintained electronically. Both Ms. Emili and Mr. Reinhart were questioned about the reprimand during their depositions and neither indicated there was a signed version that was different than the version presented to them.

B. Sanctions are Warranted Under Fed. R. Civ. P. 37(c)(1).

Under Federal Rule of Civil Procedure 37(c)(1), if a party fails to provide information as required by Rule 26(e), the party is not permitted to use the information at a trial unless the failure is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). "The non-producing party shoulders the burden of proving substantial justification for its conduct or that the failure to produce was harmless." Tolerico v. Home Depot, 205 F.R.D. 169, 175 (M.D. Pa. 2002). In addition to not permitting this information to be used at trial, the Court may provide additional sanctions, which include the payment of reasonable attorney's fees and informing the jury of the party's failure. Fed. R. Civ. P. 37(c)(1)(A), (B). The Court has broad discretion in what types of sanctions it can impose as long as the sanctions are just and related to the issues. Rule 37 authorizes a Court to impose sanctions to penalize a culpable party, deter others, and compensate the court and other parties for expense caused by the violation. National Hockey League v. Metropolitan Hockey

Club, Inc., 427 U.S. 639, 643 (1976); Carlucci v. Piper Aircraft Corp., Inc., 775 F.2d 1440, 1443 (11th Cir. 1985).

The Court must first determine if there has been a violation of Rule 26. Industria de Alimentos Zenu S.A.S. v. Latinfood U.S. Corp., Slip Copy, 2022 WL 1683747, at *10 (D.N.J. May 26, 2022). A party's failure to timely produce relevant and responsive discovery or timely supplement the discovery under Rule 26(a) and (e) may constitute withholding. Latinfood U.S. Corp., 2022 WL 1683747, at *11; see also, Wilczynski v. Redling, 2014 WL 5361916, at *5-6 (D.N.J. Oct. 21, 2014) (finding violation of Rule 37(c) where defendant first disclosed relevant documents in motion for summary judgment). For the reasons addressed in Section II, A., above, Defendant did violate rule 26(e).

If the Court determines there has been a Rule 26 violation, then it must determine if the violation was substantially justified. Selzer v. Dunkin' Donuts, Inc., 2015 WL 3668647, at *3 (E.D. Pa., June 15, 2015). The standard used is "whether the withholding of documents was justified 'to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.'" Selzer, 2015 WL 3668647, at *3 (citing Kinney v. Trustees of Princeton Univ., 2007 WL 700874, at *5 (D.N.J. Mar. 1, 2007). Inadvertence is not a substantial justification. Latinfood U.S. Corp., 2022 WL 1683747, at *12.

In this matter, the withholding of this signed reprimand was not substantially justified. Defendant acknowledges the document should have been turned over in discovery and should have been in Ms. Emili's personnel file. Therefore, a reasonable person would not conclude that the withholding of the document was justified.

The next step of the analysis was whether the late production of the document was harmless. Seltzer, 2015 WL 3668647, at *3. A party's misconduct is harmless if it involves an

5

honest mistake, coupled with sufficient knowledge by the other party of the material that has not been produced." Tolerico, 205 F.R.D. at 176 (quoting Stallworth v. E-Z Serve Convenience Stores, 199 F.R.D. 366, 369 (M.D. Ala. 2001)).  The Court can consider four factors in this analysis – "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation." Nicholas v. Pennsylvania State Univ., 227 F.3d 133, 148 (3d Cir. 2000).

In the present matter, the late production of the document was not harmless. Plaintiff was not aware the signed reprimand existed and it had not been produced. As a result of Mr. Reinhart testifying to the document for the first time in the middle of trial and in front of the jury, Plaintiff suffered prejudice. Prejudice may include the "burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy." Ware v. Rodale Press, Inc., 322 F .3d 218, 222 (3d Cir. 2003). Initially, Plaintiff did not have the opportunity to depose either Ms. Emili or Mr. Reinhart on the signed reprimand and the differences between the two versions. Plaintiff relied upon Defendant's production of documents that the reprimand provided was the only version of that document. Plaintiff determined this document was critical to its case as the document provided stated Ms. Emili gave differential treatment to the only black coach in the league and violated the school's non-discrimination policy. The signed reprimand provided during trial does not contain the same information.

Thus, Plaintiff has had to rethink his overall strategy and the effect this testimony may have had on the jury. Although Defendant has represented it does not plan to introduce the signed reprimand at trial, the jury has still heard testimony that another document exists. It is likely that

6

the jury was confused as to why Plaintiff's counsel was using a document at trial that the witness said was not correct. The jury may have reason to believe that Plaintiff was using that document because it contained harsher language than the signed reprimand in an attempt to bolster his case. It is also unlikely that the jury knows or understands the discovery process and the parties' obligation to provide documents before trial.

The Court can cure this prejudice to Plaintiff by providing a curative instruction to the jury and imposing attorney's fees against Defendant for the depositions of Ms. Emili and Mr. Reinhart, the costs of those transcripts, and the preparation of this Motion. Plaintiff seeks an instruction to the jury that Defendant had an obligation to provide this document to Plaintiff prior to trial and failed to do so. Additionally, Plaintiff seeks an instruction to the jury that it should not draw any negative inferences against Plaintiff or his counsel for the version of the reprimand introduced into evidence at trial. See Proposed Instruction to the Jury attached to Motion for Sanctions as Exhibit A.

Finally, the Court may impose attorney's fees and costs under Fed. R. Civ. P. 37(c)(1)(A). This particular sanction can be used to "level the playing field." Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591 (D.N.J. 1997). Plaintiff is requesting $2,990.00 for the time spent during Ms. Emili and Mr. Reinhart's depositions, $1,512.00 for the cost of the transcript, and $1,300.00 for the hours spent researching and preparing this Motion for Sanctions. See Calculation of Damages attached to the Motion for Sanctions as Exhibit B.

**III.   CONCLUSION**

For the foregoing reasons, Plaintiff Billman requests this Honorable Court grant his Motion for Sanctions and provide a curative instruction to the jury and assess attorney's fees for the time

spent in depositions of Ms. Emili and Mr. Reinhart, the cost of the transcripts, as well as for the preparation of this Motion, totaling $5,802.00.

                                            **BROUGHAL & DeVITO, L.L.P.**

**Date:**   6/24/2022               **By:**   /s/ John S. Harrison

                                            JOHN S. HARRISON, ESQUIRE
Attorney I.D. #53864
ERIKA A. FARKAS, ESQUIRE
Attorney I.D. #313686

38 W. Market Street
Bethlehem, PA  18018
Telephone No.:  (610) 865-3664
Facsimile No.:  (610) 865-0969
johnharrison@broughal-devito.com
erikafarkas@broughal-devito.com
*Attorneys for Plaintiff*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMARR BILLMAN, | : | |
| Plaintiff, | : | Civil Action No.: 20-cv-2730 |
| | : | |
| v. | : | |
| | : | |
| EASTON AREA SCHOOL DISTRICT, | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

**CERTIFICATE OF SERVICE**

**THE UNDERSIGNED COUNSEL HEREBY CERTIFIES** that a true and correct copy of the foregoing Plaintiff's Brief in Support of Sanctions was served upon Sharon M. O'Donnell, Esquire, counsel for Defendant, via the Electronic Case Filing System (ECF) on Friday, June 24, 2022. This document has been filed electronically and is available for viewing and downloading from the ECF system.

        Counsel for Defendant:
        Sharon M. O'Donnell, Esquire
        Marshall Dennehey Warner Coleman & Goggin, PC
        11 Corporate Drive, Suite 201
        Camp Hill, PA 17011
        SMOdonnell@MDWCG.com

        **BROUGHAL & DeVITO, L.L.P.**

Date   June 24, 2022

          /s/John S. Harrison, Esquire
        **JOHN S. HARRISON**
        *Attorney for Plaintiff*
        Attorney I.D. No.: 53864
        38 West Market Street
        Bethlehem, PA 18018
        Telephone (610) 865-3664