# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMARR BILLMAN,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **EASTON AREA SCHOOL DISTRICT,** | : | **No. 20-2730** |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                                                  AUGUST 30, 2022

After the jury returned a verdict in Mr. Billman's favor and the Court entered judgment, Easton Area School District asks the Court to stay execution on the judgment pending post-trial motions and an appeal without imposing a bond. Mr. Billman does not oppose the motion. The Court grants the District's request and stays execution of the judgment pending any post-trial motions and appeal without a bond.

### BACKGROUND

JaMarr Billman brought this action against Easton Area School District alleging racial discrimination, a hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, the Pennsylvania Human Relations Act, and 42 U.S.C. § 1983. Following a trial, the jury found that Mr. Billman had proved each of his claims and awarded him compensatory damages of $275,000. Mr. Billman also requested back pay and prejudgment interest, which the Court granted in the amount of $20,490 in back pay and $858.11 in interest. The Court entered judgment on the compensatory damages, back pay, and prejudgment interest on August 5, 2022.

The District now requests a stay of execution on the judgment pending disposition of any post-trial motions and appeal. The District also asks the Court to waive the typical supersedeas bond for such a stay because it is a municipal entity.

1

## LEGAL STANDARD

Federal Rule of Civil Procedure 62(a) imposes an automatic 30-day stay on execution of a judgment "unless the court orders otherwise." Fed. R. Civ. P. 62(a). Rule 62(b) permits courts to further stay execution of a judgment and related proceedings to enforce the judgment, pending resolution of post-trial motions, based on the posting of a bond or other security. Fed. R. Civ. P. 62(b). Similarly, Rule 62(f) permits a stay on judgments that are a "lien on the judgment debtor's property under the law of the state where the court is located." Fed. R. Civ. P. 62(f). In that case, "the judgment debtor is entitled to the same stay of execution the state court would give." Fed. R. Civ. P. 62(f).

## DISCUSSION

The District argues that Rule 62(f) applies to this case and that, under Pennsylvania law, a municipal entity like the District is not required to file a supersedeas bond. The Court agrees.

### I. Applicability of Rule 62(f)

Under Pennsylvania law, "[a]ny judgment or other order of a court of common pleas for the payment of money shall be a lien upon real property . . . when it is entered of record in the office of the clerk of the court of common pleas of the county where the real property is situated . . . ." 42 Pa. Cons. Stat. § 4303(a). Federal courts considering motions for a stay typically do not require the "minor ministerial act" of showing the lien has actually been recorded because "no purpose would be served by waiting until the judgment is recorded to apply Rule 62(f)." *McKenna v. City of Philadelphia*, No. 98-cv-5835, 2009 WL 10687590, at *1 n.1 (E.D. Pa. July 30, 2009). Thus, Rule 62(f) immediately applies to the entry of judgment in this case, and the District has the same rights regarding a supersedeas bond that it would have under Pennsylvania state law. *McKenna*, 2009 WL 10687590, at *1.

**II.     Bond Waiver**

When staying execution on a judgment, courts typically impose a supersedeas bond to ensure that a judgment debtor remains able to satisfy the judgment. Fed. R. Civ. P. 62(b). However, Rule 62(e) prohibits imposing such a bond on a federal government entity. Similarly, applying state law under Rule 62(f), Pennsylvania courts exempt political subdivisions from posting security pending an appeal. Pa. R. App. P. 1736(a)(2). Easton Area School District is a political subdivision because it is a school district. *Lester H. v. Gilhool*, 916 F.2d 865, 870 (3d Cir. 1990). Therefore, the District is exempt from posting a bond during the pendency of any appeal. *McKenna*, 2009 WL 10687590, at *2.

However, Pennsylvania law does not address bond requirements pending post-trial motions. *Id.* Rather than relying on Rule 62(f) for post-trial motions, courts in this District have instead looked to Rule 62(b). Under Rule 62(b), the Court may impose a stay based on the requesting party providing a bond "or other security." Fed. R. Civ. P. 62(b). Courts have interpreted this language to permit a stay without a bond given sufficient assurance that the requesting party will remain financially capable of satisfying the judgment. *McKenna*, 2009 WL 10687590, at *2.

Here, the District has submitted an affidavit signed by its Business Manager, Michael Sokoloski, stating that the District is financially solvent and "will have sufficient funds to cover the costs of the judgment." Sokoloski Aff ¶ 4, Doc. No. 103-3. Mr. Billman does not challenge this assurance. The Court accepts this affidavit as sufficient evidence that the District "has sufficient funds to pay the . . . judgment" and finds "that requiring a bond from the [District] would not provide meaningful additional security and would needlessly expend taxpayers' money." *McKenna*, 2009 WL 10687590, at *3; *see also Munoz v. City of Philadelphia*, 537 F. Supp. 2d

749, 751 (E.D. Pa. 2008) (accepting a similar affidavit). Therefore, the Court will impose the stay without a bond pending any post-trial motions and appeal.

## CONCLUSION

For the foregoing reasons, the Court grants the District's motion for a stay without a bond pending any post-trial motions and appeal. An appropriate Order follows.

BY THE COURT:

/s/ Gene E.K. Pratter
**GENE E.K. PRATTER**
**UNITED STATES DISTRICT JUDGE**